*Decision will be entered under Rule 50.*

FLORENCE M. QUINN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80005. Promulgated February 8, 1937.

*Thomas R. Dempsey, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $29,-427.55 in the petitioner's income tax for 1932. Three adjustments were made, only one of which remains in issue. The Commissioner added to petitioner's income $231,294, with the following explanation:

(c) Dividends from the Holmby Corporation have been determined to be liquidating dividends and taxable as capital gain. The amount of $231,294 representing distributions made by the corporation is therefore included as capital gain for the reason that all distributions in 1932 are in excess of the cost basis of the stock which has been recovered.

The petitioner contends that although this $231,294 is a liquidating distribution as described in the Revenue Act of 1932, section 115, she has not realized taxable gain in 1932, since the total amount received by her in liquidation, including this $231,294, is still less than her basis. The facts have all been presented in a written stipulation and it is only necessary to state such as aid the determination of the controversy.

Petitioner, a resident of California, was the wife of Arthur Letts, Sr., who died testate on May 18, 1923. By his will petitioner acquired 69,168 shares of the Holmby Corporation, which were distributed to her on August 20, 1925. On that date the fair market value of such shares was, in the aggregate, $9,139,167.84. Petitioner, on September 1, 1925, transferred 100 such shares to her husband, Charles H. Quinn.

Letts had been the owner of 138,336 shares of the total of 138,442 outstanding. Soon after his death the corporation determined upon complete liquidation, and distributions in pursuance thereof were made from time to time, including that in 1932 now under consideration. Prior to August 20, 1925, $2,367,358.20 ($17.10 for each share) had been distributed. Thereafter, before 1932, distributions were made, including distributions to the petitioner, as follows:

|  | Total | To petitioner |
|---|---|---|
| Aug. 20, 1925–May 16, 1927 | $2,862,980.56 | $1,428,326.24 |
| May 17, 1927 | 3,844,200.00 | 1,917,900.00 |
| May 18, 1927–Oct. 10, 1927 | 300,000.00 | 149,667.00 |
| Oct. 11, 1927 | 7,791,700.00 | 3,887,500.00 |
| Oct. 12, 1927–Dec. 31, 1931 | 2,605,794.00 | 1,299,652.00 |

It is stipulated that "each of the distributions referred to * * * constituted steps in the Holmby Corporation's process of complete liquidation." The distributions of May 17 and October 11, 1927, were made pursuant to corporate resolutions, and in accordance therewith the corporation received from each of the shareholders one share of stock for each $100 distributed, i. e., the petitioner, on May 17, 1927, surrendered 19,179 shares and received $1,917,900, and on October 11, 1927, surrendered 38,875 shares to receive $3,887,500. The amounts of these distributions were charged on the corporation's books to its capital stock account. In 1932 the corporation distributed, as part of its complete liquidation, $463,743, of which petitioner received $231,294, the amount here in controversy.

The essence of the respondent's theory is that the two distributions of May 17 and October 11, 1927, for which the shareholders surrendered shares, are to be regarded as "partial liquidations" as defined in section 115 (h), and treated separately as sales of shares at that time for $100 each, upon which loss is now to be recognized as deductible then. In this view, it would logically follow that such loss of 1927 would reduce the basis of the petitioner's shares remaining after such surrender, to the end that such reduced basis would be less than the total amounts received by the petitioner. Gain in the 1932 distribution would thus be found. Respondent, while stipulating that the corporation was, after Letts' death, always in process of complete liquidation, and that every amount received by the petitioner between 1923 and 1932 was an incident of complete liquidation, advances the theory that the distributions of May 17 and October 11, 1927, were each a "partial liquidation" within a larger project of complete liquidation. This is said in justification for treating the shares given up on those dates as separate and independent from the rest of petitioner's holdings. There is, however, no authority cited to support the idea that in a continued process of complete liquidation a single distribution, which may if isolated answer the statutory description of a "partial liquidation", may be separately treated. Indeed, the precedents are the other way. Recently the 1927 distributions of the Holmby Corporation to other shareholders were specifically considered in *Arthur Letts, Jr.* v. *Commissioner*, 84 Fed. (2d) 760, and the court recognized the continuing nature of the liquidation and treated all distributions as properly to be applied against the aggregate base of the taxpayer shareholder, with resulting gain only after the entire base had been recovered. While the present contention appears not to have been there considered, there is nothing in the opinion of the court to indicate that it would have treated the distributions for shares differently from the other distributions. In *James P. Gossett*, 22 B. T. A. 1279 (affd., *Gossett* v. *Commissioner*, 59 Fed. (2d) 365), it was said, in holding that a distribution was one in liquidation, "it is immaterial whether at the time of the distribution all or any part of the shares were surrendered or retired." See also *Holmby Corporation* v. *Commissioner*, 83 Fed. (2d) 548. From *John B. Williams*, 28 B. T. A. 1279, it would appear that a different rule would be applied to the distributions of May 17 and October 11, 1927, if, instead of being incidents of a complete liquidation, either of them had been a separate and complete "partial liquidation", although it is not easy to reconcile that decision with the accepted view that shares are but the indicia of proportionate interests in the corporate enterprise, the concept underlying *Eisner* v. *Macomber*, 252 U. S. 189 (stock dividends) ; and *Kistler* v. *Burnet*, 58 Fed. (2d)

687; *Bed Rock Petroleum Co.*, 29 B. T. A. 118; *Edith Scoville*, 18 B. T. A. 261 (stock surrender).

The petitioner correctly excluded the $231,294 from her income of 1932, and the respondent's determination is reversed.

*Judgment will be entered under Rule 50.*